HARTMANN and wife, Respondents, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*December 6, 1927—March 6, 1928.*

*Eminent domain: Easement for electric transmission lines: Damages.*

A judgment for $1,200, in an action for condemnation, for an easement for electric transmission lines over a strip twenty-three and one-half feet wide across the westerly end of plaintiffs' land, involving less than one third of an acre, which plaintiff testified was worth $2,000 per acre, is excessive, and unless reduced to $600 a new trial will be granted.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed, with directions.*

Proceeding in condemnation of plaintiffs' land for easement for defendant's electric transmission lines. The commissioners appointed by the court awarded plaintiffs $529, and defendant appealed.

Trial by jury, resulting in a verdict for $2,000 in favor of plaintiffs. The court gave plaintiffs an option to accept $1,200 or take a new trial. Plaintiffs accepted the reduction, and judgment was entered in favor of the plaintiffs accordingly, and defendant appealed on the sole ground that the verdict as reduced is excessive.

For the appellant there was a brief by *Shaw, Muskat & Sullivan,* and oral argument by *John S. Barry,* all of Milwaukee.

*Carl Heim* of Milwaukee, for the respondents.

The following opinion was filed January 10, 1928:

CROWNHART, J.   The plaintiffs owned a parcel of land, rectangular in shape, 510 feet north and south and 1,320 feet east and west.   The defendant required, and secured by condemnation, an easement over the west twenty-three and one-half feet, permitting its electric wires to swing over such easement with an eleven-foot clearance.   The towers of defendant were to be erected on land adjoining plaintiffs' parcel to the west.   The wires were to be at a minimum height of twenty-five feet above the surface of plaintiffs' land, and a clearance of eleven feet would leave the plaintiffs free to use all the land and above surface for not less than fourteen feet. Defendant's easement gave the right to go upon the land and trim trees down to the height of fourteen feet, where necessary to give its wires the eleven-foot clearance.   The plaintiff *John Hartmann* testified that his land was worth $2,000 per acre.   Less than one third of an acre is taken for the easement.   Plaintiff also testified that because of drifting sand from the west it is necessary to have a hedge or windbreak planted along his westerly line.   Defendant concedes that such hedge may be planted at the westerly line of plaintiffs' land, to be maintained at a height of fourteen feet. Plaintiff testified his damage would be $1,000 if he could maintain an efficient hedge at his westerly line.   Defendant's evidence placed the damages at $300.

In view of the facts, we are constrained to hold that the judgment is excessive.   We think a fair and impartial jury would probably award not less than $600 damages to the plaintiffs, and the plaintiffs should have the option to accept a reduction of the judgment by $600 or take a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered unless the plaintiffs shall file in the office of the clerk of the circuit court, within ten days of the filing of the *remittitur,* an election to accept a reduction on the judgment of $600, in which event the judgment may stand as reduced.

A motion for a rehearing was denied, with $25 costs, on March 6, 1928.